**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| LISA A. JOHNSON and GILBERT A. HERBERT, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No: 2:07-CV-3447-PMD |
| ADVANCE AMERICA, CASH ADVANCE CENTERS OF SOUTH CAROLINA, INC., d/b/a ADVANCE AMERICA, d/b/a CASH ADVANCE CENTERS, | ) ) ) ) ) ) | |
| Defendant. | ) | |

<u>**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND**</u>

Plaintiffs Lisa A. Johnson and Gilbert A. Herbert respectfully submit this memorandum of law in support of their Motion to Remand this action to state court on the basis that Defendant, Advance America, Cash Advance Centers of South Carolina, Inc., d/b/a Advance America, d/b/a Advance America, Cash Advance Centers ("Defendant" or "Advance America"), improperly removed the action from the Court of Common Pleas of the State of South Carolina in the County of Georgetown.

Defendant removed this action on the basis that the Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). As set forth below, Defendant's Notice of Removal is inconsistent with the jurisdictional requirements of CAFA. Specifically, the court does not have jurisdiction over this action because diversity of citizenship, as required by §1332(d), is not present in this action. In addition, the Court should remand this action pursuant to the "home state" exception to CAFA, 28 U.S.C. §1332(d)(4)(B).

**PROCEDURAL HISTORY:**

On October 4, 2007, Plaintiffs, on behalf of themselves and all others similarly situated, sued Advance America in the Court of Common Pleas of the State of South Carolina in the County of Georgetown.  A copy of the complaint is attached as hereto Exhibit 1.  Service of Plaintiffs' complaint was perfected on October 5, 2007.  Plaintiffs asserted three causes of action: declaratory and injunctive relief; damages for violation of S.C. Code Ann. §37-5-108; and breach of contract and the covenant of good faith and fair dealing.  Exh. 1, ¶¶ 47-61.  The case was also brought as a class action pursuant to Rule 23 of the South Carolina Rules of Civil Procedure.  Exh. 1, ¶¶ 33-46.  The Plaintiffs seek certification of the following classes:

> **Injunctive Relief Class:**  All citizens of South Carolina who are domiciled in South Carolina and who borrowed money from Defendant in the three years preceding the filing of the complaint or who will borrow money from the Defendant in the future.
>
> **Damages Subclass One:**   All citizens of South Carolina who borrowed money from Defendant in the three year preceding the filing of this complaint whose total monthly obligations exceeded 55% of their gross monthly income.
>
> **Damages Subclass Two:**  All citizens of South Carolina who renewed a loan with Defendant by repaying only the interest and received a new loan.

Exh. 1, ¶ 33.  The plain language of the foregoing three proposed classes limits the members of the classes to "[a]ll citizens of South Carolina," and, therefore, no citizen of another State would be eligible to participate as a member of any of the three classes.

On October 17, 2007, Advance America filed a notice of removal in this Court seeking to remove Plaintiffs' action pursuant to CAFA, 28 U.S.C. § 1332(d).  (Docket entry #1).  Removal is not proper in this case for the reasons set forth below and, therefore, Plaintiffs respectfully request that the Court remand Plaintiffs' action to the court in which it was originally filed.

**ARGUMENT**

**I.      THE APPLICABLE STANDARDS:**

As set forth in 28 U.S.C. § 1441(a),

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States ....

The requirement that the district courts have "original jurisdiction" compels a removing defendant to show that the plaintiff could have chosen to proceed in the district court in the first instance.

"The party seeking removal bears the burden of demonstrating that removal jurisdiction is proper." *In re Blackwater Security Consulting, Inc.*, 460 F.3d 576, 583-84 (4th Cir. 2006). *See also Lanier v. Norfolk Southern Corp.*, 2006 WL 1878984 (D.S.C. 2006) (holding that the party seeking removal bears the burden of establishing federal jurisdiction pursuant to CAFA) (citing *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006); *Abrego Abrego v. Dow Chem Co.*, 443 F.3d 676 (9th Cir. 2006); and *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 466 (7th Cir. 2005)).  Federal courts are courts of limited jurisdiction and they are "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal jurisdiction." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). "Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organize Chemicals Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S. Ct. 868, (1941)).  "If federal jurisdiction is doubtful, a remand is necessary." *Id.*

To determine whether an action is properly removable, the court must examine the pleadings. *Wilkins v. Correctional Medical Sys.*, 931 F.2d 888 (4th Cir. 1991). "'[T]he status of the case as disclosed by the plaintiff's complaint is controlling in the case of removal.'" *Chavis*

*v. Fidelity Warranty Servs.*, 415 F. Supp. 2d 620, 626-27 (D.S.C. 2006) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 291, 58 S. Ct. 586 (1938)).

## II.  DEFENDANT HAS FAILED TO ESTABLISH THE EXISTENCE OF DIVERSITY OF CITIZENSHIP AS REQUIRED UNDER 28 U.S.C. § 1332(D)(2), AND, THEREFORE, REMOVAL WAS WHOLLY IMPROPER

The entire basis for Defendant's removal of this action to federal court is Defendant's contention that minimal diversity exists under CAFA.  This is simply not true.

Defendant first claims in its notice of removal that minimal diversity is established by the fact that it is a citizen of Delaware, the state where the corporation is organized.  Defendant's Notice of Removal, ¶12.  A corporation is "deemed ... a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1). Defendant, however, does not contest, and indeed states in its removal papers, that it is also a citizen of South Carolina, where it maintains its principal place of business.  *Id.*

Defendant cannot base its removal of this action to federal court on its citizenship in Delaware while ignoring its dual citizenship in South Carolina.  28 U.S.C. §1332(d)(2) specifically sets forth that minimal diversity of the parties occurs when "any member of a class of plaintiffs is a citizen of a State *different* from any defendant."  (Emphasis added.)  Advance America's South Carolina citizenship cannot conveniently be ignored for purposes of establishing federal jurisdiction.  Both states of a corporation's citizenship should be considered when determining diversity jurisdiction under CAFA.  *See Sundy v. Renewable Environmental Solutions, L.L.C.*, No. 07-5069, 2007 WL 2994348, at *3 (W.D. Mo. Oct. 10, 2007) (where the district court found that defendant corporation was a citizen of both Missouri and Delaware, defendant had burden of showing that a member of the class "is neither a citizen of Missouri nor a citizen of Delaware").

Defendant also argues that minimal diversity exists under CAFA based on its assertions that many customers who once were citizens of South Carolina are now citizens of other states. Defendant's Notice of Removal, ¶13. Such individuals, however, are *not* members of Plaintiffs' proposed classes set forth in the Complaint. As stated above, the three proposed classes in this action are strictly limited to "citizens of South Carolina," and therefore Defendant cannot establish that any member of the proposed classes is diverse in citizenship from Defendant. Based on the foregoing, Advance America's notice of removal was improper and therefore Plaintiffs' motion to remand this action should be granted.

## III.    REMOVAL IS ALSO IMPROPER BECAUSE CAFA'S "HOME STATE" EXCEPTION, AS SET OUT IN 28 U.S.C. § 1332(D)(4)(B), APPLIES TO DEFEAT JURISDICTION:

Although Defendant has not met its burden of establishing diversity of citizenship as required under § 1332(d)(2), remand is also proper pursuant to CAFA's "home state" exception, 28 U.S.C. § 1332(d)(4)(B). Pursuant to this section, a district court must decline jurisdiction when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." If the elements of § 1332(d)(4)(B) are satisfied, remand is required. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1022 (9th Cir. 2007) ("§ 1332(d)(4) sets out two circumstances that *require* district courts to declines jurisdiction").

It is well established that "the plaintiff is the master of his complaint," *Custer v. Sweeney*, 89 F.3d 1156, 1165 (4th Cir. 1996), and Plaintiffs to this action have explicitly limited membership in the three proposed classes to individuals that are, *inter alia*, citizens of the State of South Carolina. Exh. 1, ¶ 33. The "two-thirds or more" element of the home state exception is clearly satisfied because one hundred percent of the proposed class members are citizens of the State of South Carolina. *See Chavis*, 415 F. Supp. 2d at 627 ("Thus, Plaintiffs could have limited

… their complaint to escape possible removal to federal court under CAFA"); *Gerstenecker v. Terminix Intern. Inc.*, 2007 WL 2746847 *3 (S.D. Ill. 2007) ("*Where the definition of the class does not explicitly require that its members be citizens of a particular state*, and no other evidence of citizenship whatsoever is given, this Court cannot find that 'greater than two-thirds of the members of the class ... are citizens of the State in which the action was originally filed.'") (emphasis added); *Schwartz v. Comcast Corp.*, 2005 WL 1799414 (E.D. Pa. 2005) (finding that because the class definition in the amended complaint only included individuals that were "citizens" of the State of Pennsylvania, "[t]he class definition from the amended complaint clearly precludes diversity jurisdiction under the "home state controversy" and "local controversy" exceptions; however, plaintiff could not rest on allegations of an amended complaint that was filed after the notice of removal).  Advance America admits that it is a citizen of the State of South Carolina, *see* Defendant's Notice of Removal ¶ 12, and Advance America is the "primary defendant" in this action as it is the only the defendant in this action.  Thus, because one hundred percent of the proposed class members and the primary defendant are citizens of South Carolina, the state in which this action as originally filed, Plaintiffs have clearly satisfied the elements of § 1332(d)(4)(B) such that remand of this action is required.

## IV.     PLAINTIFFS ARE ENTITLED TO COSTS AND ATTORNEY'S FEES

On November 8, 2007, counsel for Plaintiffs sent a letter to counsel for defendant advising that the purported basis set forth in Advance America's Notice of Removal to establish federal jurisdiction was facially inadequate and inconsistent with statutory law.  A copy of Plaintiffs' November 8, 2007, letter from J. Preston Strom, Jr., to Thomas C. Brittain is attached as Exhibit 2.  In sending this letter, Plaintiffs sought to avoid the unnecessary expense of having to move to remand this action by attempting to resolve this matter informally.  However, despite

controlling statutory authority that clearly establishes that this Court does not have jurisdiction over this action under CAFA, Advance America removed this action.  Because Advance America has refused to voluntarily remand the case, notwithstanding the clear authority supporting Plaintiffs' positions, Plaintiff has been forced to bring the instant motion.

The remand statute, 28 U.S.C. § 1447(c), states that a court ordering a remand "may required payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  Defendant has persisted in it frivolous efforts to remove the case, thereby causing Plaintiffs to incur additional cots and counsel fees.  It is respectfully requested that the order of remand should include an order requiring payment of Plaintiffs' costs and attorney's fees.

**CONCLUSION**

For all of the foregoing reasons, Plaintiffs respectfully request that the Court find that Defendant's removal of this action was improper and grant Plaintiffs' motion to remand this action to state court.  Further, Plaintiffs respectfully request that the Court order Defendant to pay Plaintiffs costs and attorney's fees in bringing this motion.

RESPECTFULLY SUBMITTED, this 13th day of November, 2007.

STROM LAW FIRM, LLC


__s/J. Preston Strom, Jr._____
J. Preston Strom, Jr. (Fed. I.D. No. 4358)
Mario A. Pacella (Fed. I.D. No. 7538)
2110 N. Beltline Blvd, Suite A
Columbia, South Carolina 29204
Telephone: (803) 252-4800
Facsimile: (803) 252-4801

Rankin & Rankin
Luke A. Rankin
201 Beaty Street
Conway, SC 29526
Telephone: (843) 248-2405
Facsimile: (843) 248-2415

Williams & Williams
C. Bradley Hutto
Post Office Box 1084
Orangeburg, South Carolina 29115
Telephone:  (803) 534-5218
Facsimile:  (803) 536-6544

Moore, Taylor & Thomas, P.A.
David L. Thomas
23 Wade Hampton Blvd.
Greenville, South Carolina 29609
Telephone:  (864) 271-6371
Facsimile:  (864) 271-1707

Law Firm of  Fletcher N. Smith, Jr., L.L.C.
Fletcher N. Smith. Jr.
Post Office Box 10496
Greenville, SC 29603
Telephone: (864)232-6541
Facsimile:  (864) 232-6756

Coleman & Tolen, L.L.C.
Creighton B. Coleman
Post Office Box 1006
Winnsboro, South Carolina  29180
Telephone:  (803) 635-6884
Facsimile:  (803) 635-9228

James H. Harrison
500 Taylor Street, Suite 400
Columbia, South Carolina  29201
Telephone:   (803) 256-0049
Facsimile:  (803) 252-7145

Law Offices of Christopher R. Hart, P.A.
Christopher Hart
1224 Pickens Street
Columbia, South Carolina  29201-3461
Telephone:  (803) 771-7701
Facsimile:  (803) 771-7668

Douglas Jennings Law Firm, L.L.C.
Douglas Jennings, Jr.
Post Office Drawer 995
Bennettsville, South Carolina 29512
Telephone:  (843) 479-2865
Facsimile:  (843) 479-2866

The Rutherford Law Firm, L.L.C.
James Todd Rutherford
Post Office Box 1452
Columbia, South Carolina 29202-1452
Telephone: (803) 256-3003
Facsimile:  (803) 256-9698

Lee Erter Wilson James Holler & Smith, L.L.C.
G. Murrell Smith
Post Office Box 580
Sumter, South Carolina  29151
Telephone:  (803) 778-2471
Facsimile:  (803) 778-1643

Weeks Law Office, L.L.C.
James David Weeks
Post Office Box 370
Sumter, South Carolina 29151
Telephone:  (803) 775-5856
Facsimile:  (803) 778-1365

Gergel, Nickels & Solomon, P.A.
Carl L. Solomon
1519 Richland Street
Columbia, South Carolina 29201
Telephone:  (803) 779-8080
Facsimile:  (803) 256-1816

Whatley Drake & Kallas
Joe R. Whatley, Jr.
Edith M. Kallas
Joseph P. Guglielmo
1540 Broadway, 37th Floor
New York, New York 35203
Telephone: (212) 447-7070

ATTORNEYS FOR THE PLAINTIFFS