J. P. STROM, JR. P.A.
MARIO A. PACELLA*
ROBERT E. HOOD
JOHN R. ALPHIN

* ALSO ADMITTED IN GA. AND N.Y.

# STROM
## LAW FIRM L.L.C.

2110 BELTLINE BOULEVARD, SUITE A
COLUMBIA, SOUTH CAROLINA 29204

PHONE: 803.252.4800
FAX: 803.252.4801
TOLL FREE: 888.490.2847
WWW.STROMLAW.COM

November 8, 2007

<u>VIA FACSIMILE AND U.S. MAIL</u>
Thomas C. Brittain, Esq.
HEARN, BRITTAIN & MARTIN, P.A.
4614 Oleander Drive
Myrtle Beach, SC 29577

      Re:    *Johnson, et al. v. Advance America, Cash Advance Centers of South Carolina, Inc.*, Civ. No. 07-3447 (D.S.C.)

Dear Mr. Brittain:

      I represent Plaintiffs in the above-referenced action, which Defendant removed from the Court of Common Pleas, County of Georgetown, South Carolina on October 17, 2007, pursuant to 28 U.S.C. §§1332(d), 1441, 1446 and 1453.

      I am writing to you as local counsel for Advance America. Please be advised that Plaintiffs deem Defendant's removal of this case to federal court to be defective and improper, as Defendant has not met its burden of demonstrating that removal jurisdiction is proper. Specifically, Defendant has failed to establish minimal diversity under the Class Action Fairness Act of 2005, as Defendant concedes in its Notice of Removal that it is a citizen of South Carolina, in addition to Delaware. Since Plaintiffs have limited the definition of the three proposed classes to "[a]ll citizens of South Carolina," the fact that Defendant is also a citizen of Delaware does not establish minimal diversity.

      Moreover, Defendant's statement that "many customers" of Defendant who entered into agreements with Defendant while citizens of South Carolina are "now citizens of other states" does not establish minimal diversity, as such customer are not included in the limited definition of the classes set forth in Plaintiffs' Complaint.

      Based upon the foregoing, unless Defendant agrees on or before November 12, 2007, to voluntarily remand this action back to state court, Plaintiffs intend to file a Motion to Remand with the District Court, pursuant to 28 U.S.C. §1447, wherein Plaintiffs will request that the Court order "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal," as allowed under the statute.

If you have any questions or concerns, please contact me.

Sincerely,

J. Preston Strom, Jr.

cc: William Douglas Smith, Esq.
Michael C. Russ, Esq.